## Guillot v. Darr

*Frank S. Weiss*, for plaintiff.

*George Garrison Shafer*, for defendant.

DAVIS, P. J., October 27, 1945.—N. N. Guillot presented his petition in this court under section 300 (*l*) of the Federal Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, to be permitted to pursue his remedies to obtain unpaid rent as well as to obtain possession of a property. A rule to show cause was issued and duly served on Dorothy Darr. No answer was filed or hearing held. Plaintiff has now applied to the court asking that the rule be made absolute and that an order be entered giving permission

to N. N. Guillot to confess judgment against Dorothy Darr for the unpaid rent and for such future rent as accumulates during her possession and that execution may issue and levy and sale be made from Dorothy Darr's personal possessions for the satisfaction of the same, and that N. N. Guillot may enter an amicable action of ejectment and confess a judgment of ejectment and order the issuing and execution of a writ of habere facias possessionem with clause of fieri facias for costs.

In November 1942 a lease from month to month was entered into between N. N. Guillot and Philip Darr and Dorothy Darr, his wife, containing an automatic renewal clause. Philip Darr entered the military service of the United States about eight months prior to the beginning of this action and now is in the military service. Since his induction in the Army the leased premises have been occupied and used for dwelling purposes by his wife and family.

The question now before the court is whether or not the court in its discretion should authorize the levy and sale of defendant's goods for collection of rent as well as the eviction proceedings prayed for. The Soldiers' and Sailors' Civil Relief Act as amended by the Act of October 6, 1942, 56 Stat. at L. 769, provides:

"Sec. 100. In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such

service during the period herein specified over which this Act remains in force."

"Sec. 300. (1) No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession.

"(2) On any such application or in any such action the court may, in its discretion, on its own motion, and shall, on application, unless in the opinion of the court the ability of the tenant to pay the agreed rent is not materially affected by reason of such military service, stay the proceedings for not longer than three months, as provided in this act, or it may make such other order as may be just. Where such stay is granted or other order is made by the court, the owner of the premises shall be entitled, upon application therefor, to relief in respect of such premises similar to that granted persons in military service in sections 301, 302, and 500 of this act to such extent and for such period as may appear to the court to be just."

This legislation was clearly intended to protect the person in military service and his family while he was away from his home in the service of his country. The practice is not new. Statutes of this nature have existed in this country since Civil War days. Such statutes should be liberally construed and all doubts should be resolved in favor of service men: Keener et ux. v. Vannan et ux., 54 D. & C. 172.

In the present case no answer having been filed by defendant or hearing held, the court is not fully informed as to all the surrounding facts and circumstances. Therefore, the court is not in a position to wisely exercise the discretion vested in it. Although defendant, Dorothy Darr, was under a duty to answer

the rule, which has been duly served, it must be borne in mind that with a husband in military service there may be extenuating circumstances. Therefore, the following decree is entered:

And now, October 27, 1945, it is ordered and decreed that a hearing on the aforesaid rule be and hereby is fixed for Monday, November 5, 1945, at 1:30 o'clock p. m., and that Dorothy Darr, defendant, be given at least five days' written notice of said hearing.